UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH MIMS, | : | |
|     Petitioner, | : | CIVIL ACTION NO.: |
| | : | 08-cv-1400 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JULY 8, 2009 |
|     Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**I.   INTRODUCTION**

Petitioner Kenneth Mims, a federal prisoner, is currently serving a 210 month sentence following his plea of guilty to one count of possession of a firearm by a convicted felon.  Mims has moved this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He alleges that his attorney provided him with constitutionally ineffective assistance by failing to investigate or challenge Mims' prior criminal convictions that were necessary to establish his status as an armed career criminal.  Because Mims stipulated in his Plea Agreement that he qualified as armed career criminal, because his counsel's performance and advice were objectively reasonable, and because Mims cannot show prejudice, the court denies his Petition.

**II.   BACKGROUND**

On July 21, 2005, a federal grand jury returned an indictment against Mims.  The Indictment emanated from allegations that on March 14, 2004, after receiving information from a confidential informant and upon his own observations, an officer of the Norwalk, Connecticut Police Department suspected that Mims and others were in

1

possession of narcotics. The officer apprehended Mims and patted him down, finding a .40-caliber semi-automatic pistol loaded with eight rounds of hollow point ammunition. During the pat down, the officer also found a small baggy containing crack cocaine in Mims' front pocket.

The Indictment charged Mims with three counts. Count One charged him with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Count Two charged him with knowingly and intentionally possessing with intent to distribute crack cocaine in violation of Title 21, United States Code, Sections 841 (a)(1) and 841(b)(1)(C). Count Three charged him with knowingly carrying and possessing a firearm in furtherance of a drug trafficking crime in violation of Title 21, United States Code, Section 841(a)(1).

On August 17, 2005, Mims filed a motion to suppress the firearm, ammunition, and narcotics seized from his person on March 14, 2004. Senior United States District Judge Alan Nevas held an evidentiary hearing on September 23 and 25, 2005, on the Motion to Suppress. Judge Nevas issued a written ruling on December 19, 2005, denying Mims' motion.

Subsequently, on March 3, 2006, Mims pleaded guilty to Count One of the Indictment, possession of a firearm by a convicted felon, pursuant to a plea agreement.[1] As part of the Plea Agreement, Mims stipulated to certain offense conduct. The Stipulation stated that Mims and the government agreed that "were the case to proceed to trial, the government would be able to prove beyond a reasonable

---

[1] The remaining counts were dismissed on the government's motion after sentencing.

doubt that" Mims had been convicted in the Superior Court of the State of Connecticut of twelve different crimes punishable by imprisonment for a term exceeding one year. See Plea Agreement (Doc. No. 32 in United States v. Mims, 05cr187 (JCH)) ("Plea Agreement") at 10.  Specifically, Mims stipulated to a criminal history that classified him as an armed career criminal, a status which subjected him to a fifteen-year mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 924(e).  See id. at 4 ("The parties stipulate and agree that the defendant is subject to a mandatory minimum sentence of 15 years in prison pursuant to the provisions of 18 U.S.C. § 924(e)").

Before accepting the Plea Agreement, the court discussed in detail with Mims the applicability of the fifteen-year mandatory minimum required by the armed career criminal statute.  See Change of Plea Transcript ("Plea Tr.") (Doc. No. 47 in United States v. Mims, 05cr187 (JCH)) at 6/6-11/8[2] (the court recognizing and explaining that Mims qualifies as an armed career criminal because he had at least four convictions that qualified as predicate convictions under the statute).  Mims also indicated that he understood he was stipulating to the convictions that qualified him as an armed career criminal.  Id. at 35/3-23.  The court then determined that Mims entered into the Plea Agreement knowingly and voluntarily, id. at 42/22-24, and accepted his plea of guilty, id. at 43/8-44/10.  On June 13, 2006, the court sentenced Mims to a term of imprisonment of 210 months.

Mims filed a timely notice of appeal on June 16, 2006.  On appeal, Mims contested the district court's ruling on his Motion to Suppress.  He did not challenge his

---

[2] Citations to transcript refer to page/line.

prior convictions or his status as an armed career criminal.  On June 6, 2007, Mims' appeal was denied and his conviction was affirmed by summary order.  He then filed a petition for writ of certiorari raising the same Fourth Amendment issues related to the Motion to Suppress.  This Petition was denied.

On September 15, 2008, Mims, acting pro se, filed the instant Petition for habeas corpus relief pursuant to 28 U.S.C. § 2255.  In the instant Petition, Mims claims that his counsel provided constitutionally ineffective assistance by failing to investigate and/or challenge the previous convictions which, the court found, established Mims' status as an armed career criminal.  Moreover, Mims claims that he was prejudiced by counsel's constitutionally ineffective assistance because his prior convictions fail to establish that he is an armed career criminal, and therefore he should not have been subjected to a fifteen-year mandatory minimum.

### III.  STANDARD OF REVIEW

Because Mims is acting pro se, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims."  Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002)).  In his Petition, Mims claims ineffective assistance of counsel.  In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy a two-part test.  First, he must demonstrate that his counsel's performance "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see also United States v. Abad, 514 F.3d 271, 275 (2d. Cir. 2008).  Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 688.  The

petitioner bears the burden of proving both of these elements.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

**IV.    DISCUSSION**

Mims claims that his attorney was ineffective in allowing Mims to be sentenced as a career offender because the government relied on state convictions that did not provide an adequate basis for the application of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  The Armed Career Criminal Act provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924 (e)(1).  The Act provides definitions of "serious drug offense" and "violent felony:"

> (A) the term "serious drug offense" means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924 (e)(2).  Specifically, Mims argues that application of the Armed Career Criminal Act "was unquestionably incorrect because [he] had only one prior felony conviction that was a crime of violence and none that were controlled substance

5

violations." Petition (Doc. No. 1) at 2.

The government argues that Mims' Petition must be dismissed for three reasons. First, it argues that Mims' Stipulation in his Plea Agreement that he qualified as an armed career criminal is enforceable, and that Mims cannot now challenge it. Second, the government contends that Mims' claim of ineffective assistance of counsel fails because he cannot demonstrate that counsel's performance was objectively unreasonable. Third, the government asserts that, even if counsel's assistance was constitutionally ineffective (which it does not concede), Mims cannot show that he was prejudiced by his counsel's conduct. The court addresses these arguments in turn.

  A. Stipulation

The government argues inter alia that, in light of his Stipulation that he had five previous felony drug offenses and one prior felony conviction for escape in the first degree, Mims has waived any argument challenging his status as an armed career criminal. See Plea Agreement at 4. The court agrees.

"Facts admitted by a party are judicial admissions that bind that party throughout the litigation." Hoodho v. Holder, 558 F.3d 184, 191 (2d Cir. 2009) (internal quotations and brackets omitted). This is so because, "[i]f defendants are not held to their factual stipulations . . . the government has no reason to make concessions in exchange for them." United States v. Granik, 386 F.3d 404, 412-413 (2d Cir. 2004). Nevertheless, a "factual stipulation in a plea agreement is a valid basis for a factual finding relevant to sentencing only when the 'record clearly demonstrates that the stipulation was knowing . . . and voluntary.'" Id. at 413 (quoting United States v. Altro, 180 F.3d 373, 375 (2d Cir. 1999). Generally, a stipulation is considered knowing and voluntarily where:

> (i) the plea agreement makes a stipulation clearly and explicitly and (ii) the defendant signs the agreement and allocutes to understanding the consequent loss of the right to put the government to its proof.

Granik, 386 F.3d at 413.

In Granik, the Second Circuit cited with approval United States v. Martinez, 122 F.3d 421 (7th Cir. 1997), in which the Seventh Circuit explicitly addressed whether a stipulation to prior convictions which establish armed career criminal status constitutes a waiver of that argument for appeal purposes. Granik, 386 F.3d at 412 n.6. In Martinez, the defendant stipulated to the fact that he qualified as an armed career criminal within the meaning of the sentencing guidelines, see U.S.S.G. § 4B1.4, and was sentenced to the fifteen-year mandatory minimum. Subsequently, the defendant challenged his status as an armed career criminal on appeal. The Martinez court stated that the defendant "knowingly waived that argument when he entered into the agreement with the government," and thus, "he knowingly waived the right to contend that for purposes of the guidelines he is not an Armed Career Criminal." Martinez, 122 F.3d at 422-423.

There is no doubt that Mims knowingly and voluntarily entered into the Stipulation regarding his prior convictions and his status as an armed career criminal. During the plea proceeding, Mims specifically asked the court about the applicability of the fifteen-year mandatory minimum required by the Armed Career Criminal Act. In response, the court explained the statute to Mims and thoroughly canvassed him in order to determine whether he understood the applicable penalties as a result of his Stipulation. See, e.g., Plea Tr. 6/6-11/4 (explaining the applicability of the statute to his case). In fact, after discussing the statute with the court, Mims explicitly told the court

during the plea colloquy that he understood that the fifteen-year mandatory minimum applied to him. Id. at 35/3-23. At the end of the plea colloquy, the court determined that the plea was knowing and voluntary. Id. at 42/22-44/10.

Moreover, the Plea Agreement "clearly and explicitly, " Granik, 386 F.3d at 423, detailed Mims' status as an armed career criminal by listing all of his prior convictions and explicitly stating that he was stipulating to the armed career criminal status. See Plea Agreement at 4 ("The Government and the defendant further agree . . . that the defendant qualifies as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because the defendant has at least three previous convictions for a violent felony or serious drug offense . . . ").

Additionally, because Mims entered into the Stipulation pursuant to the Plea Agreement knowingly and voluntarily, he cannot now "get out of portions of the plea agreement." Martinez, 122 F.3d at 423 (holding that "[i]t is inappropriate to take a blue pencil to the agreement, removing the provisions that in retrospect the defendant wishes were not there") (internal citations and quotations omitted).³ Thus, because the Stipulation was explicit in the Plea Agreement, and because Mims signed the Agreement and allocuted to entering into it knowingly and voluntarily, Mims is bound by the Stipulation and has waived his right to challenge it.

That said, Mims has brought an ineffective assistance of counsel claim, a claim which, in certain circumstances, is cognizable even when a defendant pleads guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Specifically, an ineffective assistance

---

³ It bears noting that Mims does not seek to rescind the Plea Agreement in its entirety, he merely asks that his sentence either be vacated or reduced.

claim survives a guilty plea where the claim concerns the advice the defendant received from counsel in connection with that plea.  See Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (holding that, by focusing on the advice the defendant received from his attorney, the defendant's claim that his attorney was ineffective in advising him to accept a plea agreement "connects the alleged ineffectiveness of [the] attorney with the voluntary nature of [the] plea").  Thus, in construing Mims' Petition broadly, the court will address his ineffective assistance of counsel claim despite the court's finding that he waived his right to contest his armed career criminal status.

>   B.   Ineffective of Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that, but for his attorney's failure, the outcome would have been different.  Strickland, 466 U.S. at 687-88.  The court addresses the two prongs separately.

>   1.   Reasonableness

A petitioner "bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms."  Kimmel, 477 U.S. at 381.  The reasonableness of counsel's performance is to be viewed from the perspective of counsel, and "the standard of review is highly deferential."  Id.  In this case, the government claims that Mims is unable to demonstrate that his attorney's assistance was unreasonable, and therefore he is unable to satisfy the first prong of the Strickland standard.  The court agrees.

Mims argues that his attorney should have looked to the statutory definitions of

his prior convictions to determine whether they qualify as predicate offenses pursuant to the Armed Career Criminal Act.  In support of this argument, Mims points to Shepard v. United States, 554 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), in which the Supreme Court outlined the approach courts should take when determining whether a prior conviction qualifies as a predicate offense.  Generally, courts should only look to the statutory definition of the prior offense of conviction to determine if it qualifies as a predicate offense.  This requires a two-part inquiry.

> First . . . we ask whether the statute of the prior conviction criminalizes conduct that falls exclusively within the federal definition of a predicate offense.  If so, there is no problem, because the conviction necessarily implies that the defendant has been found guilty of a predicate offense.  If, however, the statute of the prior conviction criminalizes both predicate and non-predicate conduct, then the second part of the modified categorical inquiry requires that we ask whether the government has shown that the plea necessarily rested on a fact identifying the conviction as a predicate offense.

United States v. Savage, 542 F.3d 959, 964 (2d Cir. 2008) (internal citations and quotations omitted).  Mims asserts that his counsel failed to follow the steps in this approach.  Specifically, he argues that Connecticut's statute criminalizes conduct that falls outside the federal definition of the predicate offense and therefore his counsel should have followed the second prong of the inquiry to determine whether his prior convictions could serve as a predicate offense.  Because counsel's reasonableness is to be viewed "from counsel's perspective at the time," United States v. Gaskin, 364 F.3d 438, 469 (2d Cir. 2004), the question is whether, in 2006, it was reasonable for counsel not to challenge Mims' prior convictions as sufficient to establish his status as an armed career criminal.

Mims' Plea Agreement lists six prior convictions which qualify as predicate

offenses for the purposes of the Armed Career Criminal Act, one of which was a conviction for escape in the first degree in 1992. See Plea Agreement at 4-5. At the time Mims entered into the Plea Agreement, escape categorically qualified as a violent felony pursuant to the Armed Career Criminal Act. United States v. Jackson, 301 F.3d 59, 63 (2d Cir. 2002).[4] Thus, Mims' escape conviction clearly counted as one of the three predicate offenses required to qualify him for armed career criminal status.

Additionally, Mims had five convictions for controlled substance offenses which he and the government agreed to be predicate offenses for the purposes of the Armed Career Criminal Act. See Plea Agreement at 4-5. Mims now argues that because the substances in these prior convictions are not identified, and because the Connecticut narcotics statute proscribes drugs that are not proscribed under federal law, his prior controlled substance convictions may not have qualified as "serious drug offenses" as required by the Armed Career Criminal Act. See United States v. Lopez, 536 F. Supp. 2d 218, 222 (D. Conn. 2008) (recognizing that "benzylfentanyl and thenylfentanyl appear on the Connecticut but not the federal schedules").

In response, the government asserts that, even had Mims' attorney challenged these prior convictions, the government would have been able to prove that Mims had three separate convictions in 1998 that involved the sale of cocaine. Indeed, the government has provided the court with a transcript of the plea proceedings for Mims'

---

[4] The government points out that the Supreme Court recently held that statutes that prohibit both failure to report and escape do not categorically qualify as violent felonies for purposes of the Armed Career Criminal Act. Chambers v. United States, _ U.S. _, 129 S.Ct. 687 (2009). However, this case came down long after Mims' entered into his Plea Agreement and thus, in assessing the reasonableness of his counsel's performance at the time of this plea, convictions for escapes were considered violent felonies and further inquiry was not required.

three felony convictions in November 1998 in which the state prosecutor explicitly states that the two sales charges involved cocaine, and a third charge for possession with intent to sell also involved cocaine.[5]  See State Tr. at 3/21-26 (the prosecutor stated that, "[t]he two counts of Sale of Narcotics, the first one that he plead guilty to occurred on April 17, 1997.  Second one occurred on March 26, 2997.  On each occurrence, Judge, he did sell cocaine to an undercover officer . . ." ).   Thus, these three convictions involving cocaine, combined with the escape conviction, establish that Mims had at least four qualifying predicate convictions to establish his status as an armed career criminal.

Accordingly, Mims' allegation that his attorney did not look to the statutory definitions of his prior convictions to determine whether they qualify as predicate offenses pursuant to the Armed Career Criminal Act does not render his performance constitutionally defective.  First, the government in its opposition has demonstrated unequivocally that Mims qualified as an armed career criminal.  See Savage, 542 F.3d at 966 (a plea colloquy showing that the defendant admitted predicate conduct when confirming the factual basis for a valid plea is sufficient to establish the necessary predicate offense for armed career criminal status).  Accordingly, counsel's advice that Mims' should stipulate to his armed career criminal status was not unreasonable.  Second, because his status as an armed career criminal can be established, Mims' has no evidence that counsel did not investigate the predicate offenses before advising him

---

[5] Mims was found in possession of twenty-five baggies of cocaine.  See State Plea Transcript ("State Tr."), Exh. A to Government's Memorandum in Opposition (Doc. No 9) ("Gov't Mem. in Opp."), at 3/15-16.

to plead guilty.[6]  Consequently, Mims' claim of ineffective assistance based on his attorney's alleged failure to investigate is without merit.

### 2. Prejudice

Even if Mims satisfied the first prong of the Strickland standard, however, he still fails to satisfy the second.  In order to succeed on his claim of ineffective assistance of counsel, Mims must prove that, had counsel investigated Mims' prior convictions and challenged their sufficiency to qualify Mims' for armed career criminal status, there is a "reasonable probability that . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Abad, 514 F.3d at 276.  In the context of sentencing, the petitioner must show that but for counsel's ineffectiveness, there is a reasonable probability that the sentence imposed would have been different. See United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997).  Mims has not met this burden.

Mims claims that counsel provided constitutionally ineffective assistance by failing to investigate and challenge the prior convictions used to sentence him as an armed career criminal.  For the reasons stated above, however, the court concludes that, even if counsel had challenged the sufficiency of the prior convictions, such challenge would have failed and the sentence imposed would not have been different.  Accordingly, Mims has not satisfied the second prong of the Strickland standard.

## IV. CONCLUSION

For the reasons set forth herein, the petitioner's Motion to Set Aside, Vacate, or

---

[6] In fact, the government asserts that Mims' counsel took steps to confirm that Mims qualified as an armed career criminal before advising him to enter into a plea.  See Gov't Mem. in Opp. at 6 n.5.

Correct Sentence (Doc. No. 1) is **DENIED**.  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

      Dated at Bridgeport, Connecticut this 8th day of July, 2009.


        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge