# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH MIMS | : | CIVIL ACTION NO. |
|     Petitioner, | : | 3:08-cv-1400 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | JULY 30, 2010 |
|     Respondent. | : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 17)**

**I.    INTRODUCTION**

Petitioner Kenneth Mims, a federal prisoner, is currently serving a 210 month sentence following his plea of guilty to one count of possession of a firearm by a convicted felon. Mims moved this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1). He alleged that his attorney provided him with constitutionally ineffective assistance by failing to investigate or challenge Mims' prior criminal convictions that were necessary to establish his status as an armed career criminal. The court denied his Petition on July 8, 2009. See Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("July 8, 2009 Ruling") (Doc. No. 13).

On September 3, 2009, Mims filed a Motion for Extension of Time to File Certificate of Appealability. See Mot. for Extension of Time ("First Motion for Extension") [Doc. No. 14]. On September 24, 2009, Mims filed a second Motion for Extension of Time to File Certificate of Appealability. See Mot. for Extension of Time ("Second Motion for Extension") [Doc. No. 15]. Because as part of its July 8 Ruling the

court provided that a certificate of appealability shall not issue, the court denied those Motions on October 13, 2009. See October 13, 2009 Ruling (Doc. No. 16).

Mims now moves the court to modify its July 8, 2009 Ruling pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure. See Independent Action Pursuant to Rule 60(d)(1) (Doc. No. 17). For the following reasons, the Motion is denied.

## II. DISCUSSION

Rule 60(d)(1) of the Federal Rules of Civil Procedure provides that a court can entertain an independent action to relieve a party from a judgment, order, or proceeding. See FED. R. CIV. P. 60(d)(1). Pursuant to that Rule, Mims seeks modification or vacation of the previously-imposed 210 month sentence on the ground that he is not an Armed Career Offender within the meaning of United States Sentencing Guideline section 4B1.4.

"Independent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'" Gottlieb v. S.E.C., 310 Fed. Appx. 424, 425 (2d Cir. 2009) (citing United States v. Beggerly, 524 U.S. 38, 46 (1998)). The court concludes that this such an action is not warranted in this case. As the court detailed in its July 8, 2009 Ruling denying Mims' Motion to Vacate his sentence, Mims stipulated in his Plea Agreement that he qualified as an armed career criminal, his counsel's performance and advice were objectively reasonable, and Mims could not show that any prejudice resulted from his criminal proceedings. See July 8, 2009 Ruling. In light of these conclusions, this is not a case where failure to modify or vacate Mims' sentence would result in a miscarriage of justice, and the Motion is denied.

Furthermore, the court notes that Rule 60 may not be used to challenge a

movant's underlying conviction or sentence after that movant's habeas petition attacking the same conviction or sentence on the same basis has been denied. See Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980); Sharpe v. United States, CR-NO. 02-771, 2010 WL 2572636 at *2 (E.D. Pa June 22, 2010) ("a petitioner cannot relitigate the merits of his habeas petition under the guise of a Rule 60(d) motion"). Whether a Rule 60 motion is a "second or successive" habeas petition depends upon whether the petitioner is attempting to relitigate the merits of his habeas petition or underlying conviction, or is instead attacking the "manner in which the habeas judgment was procured. . . ." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Where the Rule 60 motion merely reiterates arguments previously offered in support of a habeas petition, that motion is successive. Id. Such is the case here. In his section 2255 Motion, Mims asserted that his prior convictions fail to establish that he is an armed career criminal. See Motion to Vacate, Set Aside, or Correct Sentence. Within the current Motion, Mims once again challenges his armed career criminal status under section 4B1.4 of the Sentencing Guidelines. See Rule 60(d) Motion.

Because Mims' Rule 60 Motion is effectively a second or successive 2255 petition, this court cannot consider it unless Mims first receives the permission of the Second Circuit to pursue that petition. See Haouari v. United States, 510 F.3d 350, 352 (2d Cir. 2007) ("AEDPA requires that an applicant who wishes to file a successive petition first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'") (citations omitted). Because Mims has not received the requisite permission to pursue this successive petition, the Rule 60(d) Motion is denied.

Finally, to the extent that Mims' Motion is, or may be, characterized as a Motion for Reconsideration, the court concludes that such a Motion should also be denied. The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). Mims has not identified any controlling decisions or data that the court overlooked in its July 8, 2009 Ruling. Furthermore, Mims has not pointed to any clear error or manifest injustice in the court's ruling. Instead, Mims only seeks to relitigate issues that have already been decided. Therefore, to the extent that Mims' pro se Motion should be liberally construed as a Motion for Reconsideration, that Motion is denied.

## III. CONCLUSION

For the foregoing reasons, Mims' Independent Action Pursuant to Rule 60(d)(1) (labeled as "Motion for Reconsideration") (Doc. No. 17) is hereby **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of July, 2010.

                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge